UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY NEWMILLER, | ) No. EDCV 15-0139 FFM |
| | ) |
| Plaintiff, | ) **MEMORANDUM DECISION AND** |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

Plaintiff Troy Newmiller ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration terminating his Disability Insurance Benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 9, 10). Pursuant to the February 3, 2015, Case Management Order, (Dkt. No. 7), on November 16, 2015, the parties filed a Joint Stipulation ("Joint Stip.") detailing each party's arguments and authorities, (Dkt. No. 20). The Court has reviewed the Joint Stipulation and the administrative record ("A.R."), filed by defendant on August 10, 2015, (Dkt. No. 16).

1

For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

## II.     PRIOR PROCEEDINGS

On August 9, 2007, Plaintiff applied for Disability Insurance Benefits based on alleged physical impairments and asserting disability since July 21, 2005.  (A.R. 82).  The Administrative Law Judge ("ALJ"), Mason D. Harrell, Jr., examined the records and heard testimony from Plaintiff and a vocational expert ("VE") on July 28, 2009.  (A.R. 60–81).  On July 31, 2009, the ALJ issued a fully favorable decision, finding Plaintiff disabled as of July 21, 2005.  (A.R. 82–86).  The ALJ based the disability determination on Plaintiff's severe discogenic disk disease of the cervical spine.  (A.R. 82).

Plaintiff's disability was subject to continuing review by the Social Security Administration.  (A.R. 86).  On May 14, 2012, the Administration terminated Plaintiff's benefits, finding him no longer disabled as of May 14, 2012.  (A.R. 92–94).  On May 24, 2012, Plaintiff requested reconsideration of the Administration's determination.  (A.R. 108).  A Disability Hearing Officer ("DHO"), Kelly Lower, held a hearing on September 26, 2012.  (A.R. 114–22).  After the hearing, the DHO found that Plaintiff was not disabled, thereby upholding the cessation of benefits.  (A.R. 123–33).

On October 9, 2012, Plaintiff requested a hearing before an ALJ.  (A.R. 137).  On February 20, 2013, ALJ Mason D. Harrell, Jr., once again heard testimony from Plaintiff and from a VE.  (A.R. 26–59).  At the hearing, Plaintiff testified that while the condition of his neck has improved, he continues to experience pain that traverses down his arms and into the middle of his back.  (A.R. 36).  He further testified that although the limitations in the range of motion in his neck have lessened over time, he still experiences a stabbing pain when he moves his head continuously, (A.R. 36–37), or touches his chin to his chest, (A.R. 45).  According to Plaintiff, his wife is his primary care taker, as he cannot do basic household chores without intolerable pain that

sometimes lasts for days. (A.R. 40–41). The pain also precludes Plaintiff from sitting at a computer for more than two or three hours. (A.R. 41–42). Furthermore, Plaintiff alleged that he suffers from severe anxiety and depression because of his inability to work, pain, and economic uncertainty. (A.R. 38–39, 44–45).

On April 2, 2013, the ALJ issued a written decision finding that Plaintiff was no longer disabled as of May 14, 2012, and affirming the cessation of benefits. (A.R. 11–21). The ALJ used the July 31, 2009, disability determination as the "comparison point decision" ("CPD"), on which to determine whether Plaintiff had exhibited medical improvement. (A.R. 12). Based on his review of the record, the ALJ determined that Plaintiff's impairments present at the time of the CPD had diminished in severity by the time that the Administration terminated Plaintiff's benefits, thereby indicating medical improvement. (*Id.*) Specifically, the ALJ cited the following evidence to support this finding:

> A majority of the records involve [Plaintiff's] treatment and gradual improvement in 2009 and 2010 prior to the comparison point decision (Ex. B14F, pp.1-229). The records demonstrate [Plaintiff] was slowly and steadily improving.
>
> On March 8, 2010, Dr. Gerald Ray Watkins, M.D. examined [Plaintiff] and noted [Plaintiff] was "generally quite optimistic" and did not appear to "be in any significant pain or emotional distress nor to be significantly tense or anxious" (Ex. B14F, p.90).
>
> [Plaintiff] underwent cervical surgery on August 24, 2010 (Ex. B14F, p.50). X-rays from August of 2010 indicated degenerative changes without fracture (Ex. B14F, pp.59-62).
>
> [Plaintiff] reported problem[s] with his neck. Between January 11, 2011 and February 21, 2012, [Plaintiff] was periodically re-evaluated as follow-up to his cervical fusion (Ex. B1F, pp.3-17 and B13F, pp.1-11). [Plaintiff] was close to maximum medical improvement, but was still improving (Ex. B1F, p.4).
>
> On January 31, 2011, [Plaintiff] reported to Kaiser that his chronic neck and

> arm pain was very gradually improving (Ex. B14F, p.42). X-rays of [Plaintiff's] spine taken on May 11, 2011 indicated fusion of the C6-C7 with placement of an interbody cage and interior plate with pseudoarthrosis (Ex. B1F, p.19). X-rays taken on February 21, 2012 indicated post-surgical changes and fusion at C5-6 and C6-7 with retained plat [sic] at C6-7 and calcification at C4-5 (Ex. B13F, p.11).
>
> As to [Plaintiff's] mental impairments[,] [c]hart notes dated May 3, 2011 made by a therapist, Mr. Borough[,] indicated [Plaintiff] had a GAF of 65 indicating mild symptoms of impairment (Ex. B14F, p.32). [Plaintiff] reported he had been doing "quite well" was exercising daily and walking 2 miles a day (Ex. Bl4F, p.35).
>
> Chart notes on November 10, 2011 indicated [Plaintiff] was experiencing decreased sex drive due to his medications, but was feeling much less depressed (Ex. B14F, pp.1 4-15). On April 26, 2012, the claimant was prescribed Lithium for his depressive disorder (Ex. B14F, p.2).

(A.R. 16). The ALJ also noted the opinions of two State agency consultants, Doctors F. Kalmar and Jose Ruiz, both of whom opined that Plaintiff exhibited medical improvement. (A.R. 17). Furthermore, the ALJ found that on May 14, 2012, Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, and status post neck surgeries. (A.R. 13). After considering the record before him, as well as the opinions of the examining and State agency physicians, the ALJ determined that Plaintiff possessed the residual functional capacity ("RFC") to perform light work with some limitations. (A.R. 14). Based on this RFC finding and the testimony of the VE, the ALJ concluded that Plaintiff was not disabled under the medical vocational guidelines found in 20 C.F.R. Pt. 404, subpt. P, app. 2. (A.R. at 19).

On October 14, 2014, the Appeals Council denied review of the ALJ's decision. (A.R. 3–5). Plaintiff initiated the instant proceedings on January 23, 2015. (Dkt. No. 1).

### III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence;

and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014–15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

## IV. PLAINTIFF'S CONTENTIONS

Plaintiff raises a single issue:

(1) Whether the ALJ properly found evidence of medical improvement.

## V. DISCUSSION

After reviewing the record, the Court finds that Plaintiff's claim warrants remand for further consideration.

A. <u>The ALJ's Improperly Found Medical Improvement</u>

Plaintiff's sole allegation, that the ALJ's finding of medical improvement is unsupported by substantial evidence, appears premised on the assertion that the ALJ did not fully and fairly develop the record prior to making this determination. Specifically, Plaintiff argues that the ALJ was required to examine all the medical evidence upon which the July 31, 2009, CPD was based before finding medical improvement.

"[O]nce a claimant has been found disabled, he or she is entitled to a presumption that the disability still exists." *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983) (citation omitted). To revoke benefits, "the Commissioner bears the burden of establishing that a claimant has experienced medical improvement that would allow him to engage in substantial gainful activity." *McCalmon v. Astrue*, 319 F. App'x 658, 659 (9th Cir. 2009) (citing *Murray*, 722 F.2d at 500). ALJs rely on an eight-step sequential evaluation to determine whether a claimant remains disabled. 20 C.F.R. § 404.1594(f)(1)–(9). At step three of the evaluation, an ALJ must determine whether a claimant has, in fact, experienced medical improvement. *Id.* at (f)(3). "Medical improvement is any decrease in the medical severity of [a claimant's] impairment[s] which w[ere] present at the time of the most recent favorable medical decision that [the claimant] w[as] disabled or continued to be disabled." *Id.* at (b)(1). Medical improvement "is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." *Id.* at (c)(1). If the ALJ does not find evidence of medical improvement at step three, the analysis ends and the claimant remains disabled for the purposes of continuing disability benefits. *Id.* at (f)(3)–(4).

The Ninth Circuit has not addressed the extent to which ALJs must examine prior medical evidence in order to properly find medical improvement. However, several circuits have examined this issue and concluded that it is error for an ALJ to neither examine nor include in the administrative record evidence from the time a claimant was originally found disabled. *See Veino v. Barnhart*, 312 F.3d 578, 586–87 (2d Cir. 2002) (finding that absence of early medical records from the administrative record precluded a "reasonable assessment" of the ALJ's findings); *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984) (holding that, without comparing current evidence with evidence from the time when claimant was originally found disabled, "no adequate finding of *improvement* could be rendered"); *Byron v. Heckler*, 742 F.2d 1232, 1236 (10th Cir.

1984) (*per curiam*) (same). Relying on these out-of-circuit decisions, district courts within the Ninth Circuit have found error where an ALJ fails to sufficiently examine evidence of disability that existed at the time of the CPD. *See*, *e.g.*, *Hryzhuk v. Colvin*, 2016 WL 1162697, *3 (E.D. Cal. March 24, 2016) (reversing and remanding where the administrative record reviewed by the ALJ included only one pre-CPD x-ray and clearly lacked multiple other medical records); *Chambers v. Astrue*, 2012 WL 2836224, at *3 (D. Or. July 10, 2012) (finding error where the ALJ failed to produce any medical records from the time claimant was initially found disabled); *Lee v. Astrue*, 2012 WL 928741, at *5 (E.D. Cal. Aug. 21, 2015) (finding the requirement that ALJs must examine prior medical evidence to find medical improvement "consistent with the requirements and concepts stated in 20 C.F.R. §§ 404.1594(b)(1), (b)(7), and (c)(1)").

Additionally, the ALJ's affirmative duty to compare prior medical evidence with current medical findings is specific to the ALJ. *See* 20 C.F.R. § 404.1594(c)(1). Accordingly, the opinions of physicians or DHOs that a claimant's impairments have improved "cannot substitute for the ALJ's own obligation set forth in 20 C.F.R. § 404.1594(b)(1) that *the ALJ* compare prior to current medical evidence." *Medina v. Colvin*, 2015 WL 5448498, at *11 (N.D. Cal. Aug. 21, 2015); *see also Veino*, 312 F.3d at 587 (holding that ALJs are not permitted to rely solely on a DHO's summary of medical evidence at the time of disability for the purposes of medical improvement); *Tucker v. Colvin*, 2015 WL 1240001, at *5 (E.D. Cal. Mar. 17, 2015) (same).

Here, the ALJ failed to adequately compare current evidence of Plaintiff's impairments with the evidence of Plaintiff's impairments that existed at the time of the CPD. The only pre-CPD medical *records* included in the administrative record are reports from Plaintiff's treating psychiatrists. (A.R. 314–542). While these reports indicate that Plaintiff experienced some improvement in his symptoms, (A.R. 355, 293, 405), Plaintiff's subjective statements to his psychiatrists are not a proper source of

///
///

evidence for the purposes of determining medical improvement,[1] s*ee Anderson v. Astrue*, 2008 WL 4500882, * 4 (C.D. Cal. Oct. 6, 2008) (citations omitted) (finding that medical improvement must be based upon a comparison of objective medical records rather than subjective complaints).  Moreover, the ALJ was not permitted to simply adopt the findings of Dr. Kamal and Dr. Ruiz, as their examinations of the medical records "cannot substitute for the ALJ's own obligation . . . that *the ALJ* compare prior to current medical evidence." *Medina*, 2015 WL 5448498, at *11.  Thus, the only medical evidence in the record that supports a finding of medical improvement are records created between the CPD and the February 20, 2013, hearing.  However, a proper finding of medical improvement necessarily includes examination of reports and records generated before the CPD.  See *Veino*, 312 F.3d at 586–87.  Accordingly, the Court finds error at step three of the continuing disability evaluation, as the lack of evidence relied upon in the original disability determination meant that "no adequate finding of *improvement* could be rendered" by the ALJ in this case.  *Vaughn*, 727 F.2d at 1043.

        Defendant's attempts to distinguish this case from the Second, Tenth, and Eleventh Circuit cases cited above are unpersuasive.  In each of those cases, the deciding court remanded the case based, to some extent, on the ALJ's failure to properly compare medical evidence from before the CPD with evidence from the time of the ALJ's decision affirming the cessation of benefits.  See *Veino*, 312 F.3d at 586–87 (remanding "for supplementation of the record with, and consideration by the ALJ of, the medical records that underlay [the CPD]"); *Vaughn*, 727 F.2d at 1043 (11th Cir. 1984) (remanding so that the ALJ could evaluate the medical evidence "upon which [claimant] was originally found disabled"); *Byron*, 742 F.2d at 1236 (remanding based on the Appeals Council's failure to compare current and prior medical evidence).  Furthermore, Defendant's argument that *Veino* is presently inapplicable because that case involved an

---

[1] The Court also finds that any evidence of psychological improvement does not satisfy 20 C.F.R. § 404.1594 because such evidence does not relate the severity of Plaintiff's physical impairments.

error at step three of the sequential evaluation is without merit for two reasons. First, this case also involves a step three error. Second, the analysis undertaken by the Court in *Veino* shows that this Court now confronts the same issue examined there, regardless of the "step" in which the error is deemed to have occurred. *See* 312 F.3d at 586–87. Accordingly, the Court chooses to follow the reasoning of the circuit courts and the district courts within this circuit that have examined this issue.

B. <u>The ALJ's Error Is Not Harmless</u>

Even if substantial evidence supports an ALJ's decision, the decision must be reversed if an improper legal standard was applied. *Howard*, 341 F.3d at 1014–15; *Smolen*, 80 F.3d at 1279. Here, the ALJ failed to meaningfully compare medical evidence from the time of the CPD with current medical evidence of Plaintiff's impairments. Consequently, the Court finds that the ALJ failed to properly apply 20 C.F.R. § 404.1594(b)(1), (c)(1), and (b)(7), which require such a comparison. This error is compounded because the ALJ proceeded with the sequential analysis even though a proper finding of medical improvement is required to continue to step four. 20 C.F.R. § 404.1594(f)(3)–(4). In any event, based on the analysis in the preceding section, the Court also finds that the record lacks substantial evidence to support the ALJ's finding of medical improvement. For both of these reasons, reversal of the ALJ's decision is permitted. *See Smolen*, 80 F.3d at 1279.

C. <u>Remand Is Required</u>

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175–78 (9th Cir. 2000). Unless "the record has been fully developed *and* further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (emphasis added). Here, the Court cannot confidently conclude that "record has been fully developed." *See id.* Indeed, Plaintiff's argument is based largely on the premise that the ALJ based his non-disability determination on an incomplete record. Therefore,

1  this case should be remanded so that the Commissioner can supplement the medical
2  record and properly evaluate whether Plaintiff has exhibited medical improvement.
3  Moreover, because neither the ALJ nor the Court have had an opportunity to examine
4  the missing records in this context, the Court finds the immediate award of benefits
5  inappropriate at this time.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157,
6  1160 (9th Cir. 2012) (district courts may not consider evidence that is not part of the
7  administrative record).

**ORDER**

For all of the foregoing reasons, the decision of the Administrative Law Judge is reversed and this matter remanded for further proceedings consistent with this decision.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 27, 2016

                                  /S/FREDERICK F. MUMM
                                  FREDERICK F. MUMM
                                  UNITED STATES MAGISTRATE JUDGE